UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THAYER D. SEARS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHERISH PRODUCTIONS, LLC d/b/a GROCERY RUNNERS and ROCHE BROS. INC., <br><br> Defendants | Civil Action No. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

1. This case is brought on behalf of individuals who have worked as delivery drivers for Defendants Cherish Productions, LLC d/b/a Grocery Runners ("Grocery Runners") and Roche Bros., Inc. ("Roche Brothers") (collectively the two entities are referred to herein as "Defendants") in the Commonwealth of Massachusetts, as well as a proposed collective of all Grocery Runners drivers in the United States.

2. Grocery Runners is a merchandise delivery company that employs delivery drivers who are dispatched through a mobile phone application to deliver products from Roche Brothers and other retail stores to customers at their homes and businesses. Roche Brothers is a grocery store chain in Massachusetts that outsourced its grocery delivery services to Grocery Runners. Defendants utilize the drivers' services to perform deliveries to its customers in Massachusetts.

3. As described further below, Defendants misclassified all delivery drivers as independent contractors when they are actually employees for the purposes of the Massachusetts

1

wage laws.  In doing so, Defendants have violated G.L. c. 149, § 148 and G.L. c. 151, §§ 1, 1A buy failing to pay minimum wage and overtime premium to delivery drivers, and failing to reimburse them for all work-related expenses.  Plaintiff brings this these claims on behalf of all similarly situated employees pursuant to G.L. c. 149, §§ 150, 152A, G.L. c. 151, § 20 and Fed. R. Civ. P. 23.  Plaintiff also brings claims under the federal Fair Labor Standards Act (FLSA) to recover unpaid overtime wages pursuant to 29 U.S.C. §§ 207, 216.

## PARTIES

4. Plaintiff Thayer Sears is an adult resident of Natick, Massachusetts.  He worked as a delivery driver for Defendants from approximately December 2022 to March or April of 2023.

5. Plaintiff brings his claims on behalf of a Rule 23 class of all Grocery Runners delivery drivers in Massachusetts.

6. Cherish Productions, LLC d/b/a Grocery Runners is an Ohio corporation located at 8186 Rolling Wood Way, West Chester, Ohio 45069.  Grocery Runners performs substantial business in Massachusetts, including hiring, supervising, and compensating delivery drivers who work exclusively in Massachusetts.

7. Roche Brothers is an entity incorporated in Massachusetts that performs substantial business in the Commonwealth.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

9. Venue is proper in this District because Plaintiff exclusively performed services for Defendants in Massachusetts.

## STATEMENT OF FACTS

10. Grocery Runners is a delivery company that performs deliveries for its business partners, such as Roche Brothers.

11. Grocery Runners describes itself on its website as "Grocery Delivery Experts." It provides "same day" delivery services to retailers and grocer stories. The company boasts that it has established best practices in "delivery," "logistics," "quality control," and "customer service."

12. Grocery Runners contracts with delivery drivers in Massachusetts to perform these deliveries. Although classified as independent contractors, these delivery drivers are actually Grocery Runners' employees.

13. Grocery Runners delivery drivers receive their assigned deliveries through Grocery Runners' "Onfleet" smart phone application. The application provides daily instructions to delivery drivers regarding drivers' routes and stops.

14. At all times, drivers' locations and routes can be tracked online by Roche Brothers, Grocery Runners and by the customer.

15. Plaintiff and other drivers are assigned to work five days per week, but they are not told whether they have any work assignments on a given day until they log into Grocery Runners' App each morning.

16. The compensation for each job is unilaterally determined by Grocery Runners.

17. Plaintiff and other drivers who are designated as "Road Warriors" (meaning that they "float" to and from different Roche Brothers locations based on need) are paid a flat rate of $200 each day that they work. Other Grocery Runner drivers are paid a set rate per delivery.

18. Plaintiff and other drivers often work as many as forty-five hours per week or more. They do not receive any overtime premium for hours worked over forty per week.

19. When the drivers begin their shifts, they log into Grocery Runners' App. They then proceed to their assigned grocery store in their personal vehicles. A Roche Brothers employee loads the groceries into the drivers' personal vehicle. The driver then delivers the groceries to the assigned customer locations.

20. Drivers must follow Grocery Runners' instructions regarding where to make deliveries.

21. Drivers can be terminated for failing to provide service that satisfies Grocery Runners' standards.

22. Further, Grocery Runners deducts amounts from drivers' pay if groceries are damaged or spoiled during the delivery process.

23. Grocery Runners is in the business of providing last-mile delivery of retail products to customers in Massachusetts, and Plaintiff's services are fully integrated into that business and essential to that business.

24. Plaintiff does not operate his own independently established business, as Grocery Runners and Roche Brothers determine all delivery prices and driver compensation.

25. Without the work of delivery drivers, Grocery Runners would not function and would not generate any revenue.

26. Based on the delivery drivers' classification as independent contractors, they must pay for many of the expenses necessary to perform their jobs, including expenses for their vehicles, gas, phone, and data plan. These expenses are normally borne by employers.

27. In light of the expenses that Grocery Runners drivers bear in order to perform their jobs, the drivers' hourly wages sometimes fall below the Massachusetts minimum wage.

28. Grocery Runners issued weekly "invoices" that did not accurately record the time worked by Plaintiff and delivery drivers and misstated the drivers' earnings. On information and belief, the "invoices" showed that the drivers did not receive full payment of customer tips, and Grocery Runners did not pay all customer tips to the driver as required by state and federal law.

29. Grocery Runners drivers perform direct services for Roche Brothers. Roche Brothers is also Plaintiff's and delivery drivers' employer or joint employer under applicable state and federal law.

30. The proposed class and collective of employees satisfies all the requirements for class and collective action certification, as the group numbers greater than forty class members; there are questions of law and fact raised by Plaintiff's claims common to all members of the proposed class; these common issues predominate over any individualized issues; Plaintiff's claims are typical of all other Grocery Runners drivers who work in Massachusetts; Plaintiff and his counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31. Plaintiff has submitted a complaint with the Massachusetts Attorney General regarding these violations and has received a "right to sue" letter.

## COUNT I

### Wage Act

### MASSACHUSETTS GENERAL LAW CHAPTER 149, § 148

32. Defendants have violated the Wage Act, in that delivery drivers have had amounts unlawfully deducted from their wages and have had to bear business expenses necessary to perform their work, such as gas and car maintenance and supplying their own smartphones and

phone data plans, in violation of Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT II

### Minimum Wage

### MASSACHUSETTS GENERAL LAW CHAPTER 151, §§ 1, 7

33. As set forth above, Defendants have violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage. This claim is brought pursuant to M.G.L. c. 151, §20.

## COUNT III

### Overtime

### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1A, 7

34. As set forth above, Defendants have violated the Massachusetts overtime statute, G.L. c. 151, §§ 1A and 7, by failing to ensure that its delivery drivers are paid a time and a half overtime premium for hours work over forty per week. This claim is brought pursuant to M.G.L. c. 151, §20.

## COUNT IV

### Unlawful Withholding of tips

### MASSACHUSETTS GENERAL LAW CHAPTER 149, § 152A

35. As set forth above, Defendants have violated the Massachusetts Tips Law, G.L. c. 149, § 152A, by filing to pass along all customer tips to Plaintiff and other delivery drivers. This claim is brought pursuant to G.L. c. 149, §150.

## COUNT V

### Unjust Enrichment

36. Based on the facts set forth above, Defendants have been unjustly enriched at the expense of Plaintiff and other delivery drivers, including by shifting their business expenses to its drivers.

## COUNT VI

### Fair Labor Standards Act – Failure to Pay Overtime Wages

### 29 U.S.C. § 207

37. Plaintiff and members of the proposed collective routinely worked in excess of forty (40) hours per week.

38. Defendants failed to pay Plaintiff and other drivers at the rate of one-and-a-half times their regular rate for all hours worked in excess of forty.

39. The failure of Defendants to compensate Plaintiff and members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

## COUNT VII

### Fair Labor Standards Act – Failure to Pay Minimum Wage

### 29 U.S.C. § 206

40. Defendants' willful conduct in failing to reimburse delivery drivers for out-of-pocket expenses and failing to ensure that its drivers receive the federal minimum wage violates the FLSA, 29 U.S.C. § 201, *et seq*. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, requests that this Court enter the following relief:

A. Certification of this action as a collective action and notice to all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

B. Certification of this action as a class action pursuant to Fed. Rule of Civil Procedure 23;

C. Restitution of the unpaid wages, including unpaid overtime and minimum wage and unlawfully withheld tips;

D. Statutory trebling of damages and liquidated damages;

E. Attorneys' fees and costs;

F. Prejudgment Interest; and

G. Such other relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  July 21, 2023

Respectfully submitted,

THAYER SEARS,
individually and on behalf of all others similarly situated,

By his attorneys,

*/s/ Raymond Dinsmore*
Raymond Dinsmore, BBO# 667340
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
(413) 785-1400
rdinsmore@hayberlawfirm.com

Harold L. Lichten, BBO# 549689
Matthew W. Thomson, BBO# 682745
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com

## CONSENT TO BECOME PARTY PLAINTIFF
Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages and liquidated damages ("damages") against CHERISH PRODUCTIONS, LLC d/b/a GROCERY RUNNERS and ROCHE BROS. INC. ("Defendants"), and all entities and/or individuals that may be jointly liable with Defendants for my claimed damages. By joining this lawsuit, I designate the Named Plaintiffs and their attorneys (and other persons those individuals designate as necessary) as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. I further acknowledge that this consent is intended to be filed to recover my damages against Defendants, and all other individuals and/or entities who are or may be jointly liable along with Defendants, whether in the above-captioned action or in any subsequent action that may be filed on my behalf for such recovery, and this consent may be used in this case or in any subsequent case as necessary. For purposes of pursuing my damages claims against Defendants, I choose to be represented by the law firm of Hayber, McKenna & Dinsmore, LLC and other attorneys with whom they may associate.

By opting in to this suit, I consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c).

Date: 7/20/2023   Signature: _____ (DocuSigned by: A744A56B2BCD40A...)

Printed Name: Thayer Sears